MAR 17 2026 AM9:20
FILED - USDC - FLMD - TPA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FREDDY ANTONIO RUSSIAN,

Plaintiff,

v.

MARIO BOSCO, and NEWBOSS LLC,

Defendants.

_____/

8:26-CV-700-MSS-TGW

**COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**

---

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds $75,000 and the dispute is between a citizen of Florida and foreign citizens and entities.

2. Plaintiff Freddy Antonio Russian is a citizen of the State of Florida, residing in Tampa, Florida.

3. Defendant Mario Bosco is a foreign national domiciled in Venezuela.

4. Defendant Newboss LLC is a Florida limited liability company whose members are foreign nationals.

5. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §1391 because the events giving rise to this action occurred in this district.

---

## II. PARTIES

6. Plaintiff Freddy Antonio Russian is an individual residing in Hillsborough County, Florida.

7. Defendant Mario Bosco is an individual who previously initiated litigation against Plaintiff.

8. Defendant Newboss LLC is a business entity that acted jointly with Bosco in initiating and prosecuting litigation against Plaintiff.



---

### III. FACTUAL BACKGROUND

9. Defendants initiated federal litigation against Plaintiff styled *Bosco et al. v. Russian et al.*, Case No. 8:24-cv-02024-MSS-LSG, in the United States District Court for the Middle District of Florida.

10. In that action, Defendants asserted serious allegations including fraud, misappropriation, breach of fiduciary duty, and related claims involving substantial monetary damages exceeding $700,000.

11. Defendants aggressively pursued these allegations and sought significant financial recovery against Plaintiff.

12. Following Plaintiff's bankruptcy filing, Defendants continued their litigation efforts by filing an adversary proceeding styled *Newboss LLC and Mario Bosco v. Freddy Antonio Russian*, Adv. No. 8:25-ap-00263-RCT, in the United States Bankruptcy Court for the Middle District of Florida.

13. The adversary proceeding alleged that Plaintiff's alleged debts were non-dischargeable based on fraud, false pretenses, and willful misconduct.

14. The adversary proceeding was a direct continuation of the same allegations asserted in the prior federal lawsuit and constituted a continuation of Defendants' litigation strategy against Plaintiff.

15. The litigation involved discovery, motion practice, and preparation for trial.

16. Despite the opportunity to develop evidence through litigation and discovery, Defendants failed to establish factual support for their allegations.

17. Defendants, through counsel, acknowledged their inability to prove the claims asserted against Plaintiff.

18. On March 13, 2026, the Bankruptcy Court entered an Order dismissing the adversary proceeding with prejudice.

19. The dismissal with prejudice terminated all claims asserted by Defendants against Plaintiff and constitutes a final adjudication on the merits.

20. A true and correct copy of the dismissal order is attached as Exhibit D.

21. Defendants' conduct demonstrates a pattern of initiating and continuing litigation without probable cause and for improper purposes.

## IV. NATURE OF THE ACTION AND LITIGATION CONTEXT

22. This action arises from Defendants' misuse of the judicial system to assert and maintain serious allegations of fraud against Plaintiff without evidentiary support, and to continue such allegations across multiple proceedings despite the absence of proof.

23. Defendants did not merely file a single lawsuit. Instead, they pursued a coordinated and prolonged course of litigation, first initiating a federal fraud action and then continuing those same allegations through a bankruptcy adversary proceeding, thereby multiplying the burden, expense, and reputational harm imposed upon Plaintiff.

24. At all times material, Defendants possessed or had access to the underlying financial records, agreements, and transactional history forming the basis of their claims. Despite this, Defendants continued to advance allegations of fraud, misrepresentation, and misconduct without sufficient factual or legal basis.

25. The continuation of litigation after the opportunity for discovery is particularly significant. Courts recognize that the persistence of claims after the development of the factual record is strong evidence of lack of probable cause and improper purpose. See *Alamo Rent-A-Car, Inc. v. Mancusi*, 632 So.2d 1352 (Fla. 1994).

26. Defendants' conduct reflects more than mere litigation error or misunderstanding. Rather, it demonstrates a conscious decision to use judicial proceedings as a means of pressure, leverage, and coercion, rather than as a legitimate vehicle for resolving a bona fide dispute.

27. The ultimate dismissal of the adversary proceeding with prejudice—after Defendants had the opportunity to litigate their claims—confirms that the allegations lacked merit and could not be sustained.

28. The judicial system is not a tool for strategic harassment or economic pressure. The integrity of the courts depends on litigants advancing claims grounded in fact and law. Where, as here, a party initiates and continues litigation without probable cause and for improper purposes, the law provides a remedy.

29. Plaintiff brings this action not only to recover for the substantial harm suffered, but also to vindicate the principle that the legal process must not be abused.

## V. FAVORABLE TERMINATION

30. The dismissal with prejudice of the adversary proceeding constitutes a termination of the action in Plaintiff's favor.

31. Under Florida law, a dismissal with prejudice satisfies the favorable termination element required for malicious prosecution claims. See *Alamo Rent-A-Car, Inc. v. Mancusi*, 632 So.2d 1352 (Fla. 1994).

32. The termination occurred after Defendants had the opportunity to conduct discovery and pursue their claims, further demonstrating the absence of evidentiary support.

---

## COUNT I – MALICIOUS PROSECUTION

33. Plaintiff incorporates paragraphs 1 through 32 as if fully set forth herein.

34. Defendants initiated and continued legal proceedings against Plaintiff.

35. The proceedings terminated in Plaintiff's favor on March 13, 2026.

36. Defendants lacked probable cause to initiate and continue the proceedings.

37. Defendants continued litigation despite the absence of evidence supporting their claims.

38. Defendants acted with malice in pursuing and maintaining litigation for purposes other than obtaining a proper adjudication of claims.

39. Under Florida law, malicious prosecution requires: (1) institution of proceedings, (2) favorable termination, (3) lack of probable cause, (4) malice, and (5) damages. See *Durkin v. Davis*, 814 So.2d 1246 (Fla. 2d DCA 2002).

40. Defendants' conduct satisfies each of these elements.

41. As a direct and proximate result, Plaintiff suffered damages including legal fees, emotional distress, reputational harm, and financial losses.

---

## COUNT II – ABUSE OF PROCESS

42. Plaintiff incorporates paragraphs 1 through 32 as if fully set forth herein.

43. Abuse of process occurs when legal process is used for a purpose other than that for which it was designed. See *Bothmann v. Harrington*, 458 So.2d 1163 (Fla. 3d DCA 1984).

44. Defendants used litigation processes as a means of pressure and coercion rather than for legitimate adjudication.

45. Defendants continued litigation despite knowledge of insufficient evidence.

46. Defendants' actions constitute misuse of judicial process.

47. Plaintiff suffered damages as a direct result of Defendants' conduct.

## VI. DAMAGES

48. Plaintiff has suffered substantial damages as a result of Defendants' actions.

49. Plaintiff incurred significant legal expenses defending against multiple proceedings.

50. Plaintiff suffered reputational harm due to allegations of fraud and misconduct.

51. Plaintiff experienced emotional distress and mental anguish.

52. Plaintiff suffered loss of professional opportunities and income.

53. Plaintiff, a former CEO with a long-standing professional career, has experienced significant financial and professional disruption.

54. The damages exceed $75,000.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff and against Defendants;
B. Award compensatory damages;
C. Award punitive damages;
D. Award costs and any allowable attorney's fees;
E. Grant such other relief as the Court deems just and proper.

## VIII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

---

Respectfully submitted,



Freddy Antonio Russian
7607 South Shamrock Road
Tampa, Florida 33616
Plaintiff, Pro Se